# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

Nos. 96-10014 & 96-10015
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY MARTIN CHAMBERS,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(4:92-CR-185-E)

October 29, 1996

Before POLITZ, Chief Judge, JOLLY and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Terry Martin Chambers appeals his convictions for bank robbery and using

and carrying a firearm during a crime of violence.  Chambers robbed a second bank

after pleading guilty to and while awaiting sentence on a prior bank robbery.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Chambers contends that the district court should have allowed the withdrawal of his guilty pleas, claiming that they were coerced and because the government could not prove the presence of a gun during the robbery. Chambers also contends that the district court abused its discretion in denying his recusal motion, asserting that the district court showed prejudice by summarily denying his motion, imputing perjury to him, and dismissing his claims of ineffective assistance of counsel. Chambers further claims that his offense level should have been reduced for his minor role in the offenses and for acceptance of responsibility. Finally, Chambers contends that the government failed to prove that the banks' deposits were insured by the Federal Deposit Insurance Corporation, a requirement for establishing federal jurisdiction.

The record clearly reflects that: (1) the guilty pleas were knowingly and voluntarily entered; (2) withdrawal was not warranted; (3) Chambers did not explain his delay in moving to withdraw the pleas; (4) Chambers did not assert his innocence; and (5) the performance of Chambers' counsel did not justify withdrawal of the pleas.[1] There is nothing in the record to occasion a reasonable person to harbor any doubt regarding the district court's impartiality. The district

---

[1]**United States v. Carr**, 740 F.2d 339 (5th Cir. 1984), cert. denied, 471 U.S. 1004 (1985).

court did not abuse its discretion in denying Chambers' motion for recusal.[2]

The record contains no support for either the contention that Chambers had a minor role in the offense or that he accepted responsibility.  The district court did not err in denying these reductions in Chambers' offense level.[3]

Chambers stipulated that the banks were insured by the FDIC; no more proof was required to establish federal jurisdiction.[4]

No issue raised on appeal has merit and the judgments appealed are AFFIRMED.

---

[2]**United States v. Jordan**, 49 F.3d 152 (5th Cir. 1995).

[3]U.S.S.G. §§ 3B1.2, comment. (nn.1 & 3); §§ 3E1.1, comment. (nn.3 & 4); **United States v. Mitchell**, 31 F.3d 271 (5th Cir.), cert. denied, 115 S.Ct. 455 (1994).

[4]**United States v. Branch**, 46 F.3d 440 (5th Cir. 1995).